UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *et al.*,
*ex rel.* JULIANNE NUNNELLY and
MATTHEW SHANKS,

      Plaintiffs,

v.

REGENERON PHARMACEUTICALS, INC.,

      Defendant.

No. 20-cv-11401-PBS

## [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Parties, by their undersigned Counsel, hereby stipulate pursuant to Federal Rules of Civil Procedure 26 and 34, subject to approval and entry by the Court, as follows:

1. This Protective Order ("Order") shall govern all information produced in response to a discovery request, whether formal or informal, in the above-captioned litigation, as well as to documents produced in connection with initial disclosures.

2. **Definition of Protected Information**. Information is "Protected" if any Party or third party has designated the information as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order.

3. **Definition of Confidential Information**. The designation "Confidential" shall be limited to information that any producing party, including any third party, in good faith, believes to contain:

    a. "Confidential Health Information." For the purposes of this Order, "Confidential Health Information" shall mean any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and related to the past,

present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. "Confidential Health Information" specifically includes "protected health information" and "individually identifiable health information" as such terms are defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Part 160, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information." "Confidential Health Information" also includes material subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 45 C.F.R. Part 164. "Confidential Health Information" also includes any materials covered by the privacy laws of any individual states as applicable. In order to facilitate the production of "Confidential Health Information," the parties may produce "Confidential Health Information" to any party in this litigation in unredacted form without such production constituting a waiver of confidentiality;

b. "Confidential Business Information." For the purposes of this Order, "Confidential Business Information" shall mean trade secret or other confidential research or development information, or commercial information that bears upon a Party's or third party's competitive position that does not fall within the definition of "Commercially

Sensitive Information" as defined in Paragraph 4 *infra*;

c. Personnel files of employees of any of the Parties or third parties;

d. "Personal Information," as that term is defined in the Massachusetts Data Security Regulation, 201 C.M.R. 17.02, except that this definition will apply to residents of any jurisdiction (not only Massachusetts), and shall include natural persons' cell phone numbers; and

e. To the extent not included in the categories above, financial account numbers.

4. **Definition of Highly Confidential Information**. "Highly Confidential Information," which shall be designated "Highly Confidential – Attorneys' Eyes Only," means information that any producing party, including any third party, in good faith, believes to contain "Commercially Sensitive Information." For the purposes of this Order, "Commercially Sensitive Information," means any document or information supplied in any form, or any portion thereof, that the producing party in good faith believes to contain current or future pricing, marketing, or contracting strategy; that disclose trade secrets; that disclose current or future confidential research or development information; that disclose current or future confidential pricing terms or negotiations; that disclose confidential terms or arrangements with distributors or manufacturers; and that disclose current or future pricing data governed by the confidentiality provisions of the Social Security Act, 42 U.S.C. § 1396r-8(b)(3)(D). Moreover, to qualify as Commercially Sensitive Information, it must bear upon a Party's or third party's competitive position. Highly Confidential Information shall also include the following:

a. "Previously Produced Third Party Information." The Parties acknowledge that some of the discovery in this case is likely to involve information produced to the United States by third party competitors to and vendors or customers of Regeneron prior to the Plaintiffs' partial intervention in this matter that includes Commercially Sensitive

3

Information. For purposes of this Order, this information is defined as "Previously Produced Third Party Information." The Parties agree that, at least initially, Previously Produced Third Party Information should be treated as Highly Confidential – Attorneys' Eyes Only. (*See* Paragraph 6(b) *infra*).

b. "Previously Produced Regeneron Investigation Information." The Parties acknowledge that some of the discovery in this case is likely to involve information produced by Regeneron to the United States prior to the Plaintiffs' partial intervention in this matter that includes Commercially Sensitive Information. For purposes of this Order, this information is defined as "Previously Produced Regeneron Investigation Information." The Parties agree that, at least initially, Previously Produced Regeneron Investigation Information should be treated as Highly Confidential – Attorneys' Eyes Only. (*See* Paragraph 6(b) *infra*).

5. **Designation of Protected Information**. The designation of Protected Information shall be performed in the following manner:

   a. A Party or third party may designate produced information as Confidential by placing on or affixing to a document containing Protected Information the phrase "CONFIDENTIAL" on each page of the document entitled to such designation (in such manner as will not interfere with the legibility thereof).

   b. A Party or third party may designate produced information as Highly Confidential by placing on or affixing to a document containing Protected Information the phrase "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the document entitled to such designation (in such manner as will not interfere with the legibility thereof).

   c. Confidential Health Information, Personal Information, and financial account numbers

4

shall be treated as Confidential, without requiring a designation by the producing party.

d. If information cannot practically be designated Confidential or Highly Confidential – Attorneys' Eyes Only for whatever reason, including, but not limited to, the format of the electronically stored information, the producing party shall provide written notice of the designation of the information to the receiving party.

e. Interrogatory answers or other responses to written discovery and information contained therein shall be designated as Confidential or Highly Confidential – Attorneys' Eyes Only by means of a statement at the conclusion of each answer specifying the Protected Information contained therein, or by another method that clearly indicates which portion of the answer or information is considered Protected Information, and by placing the legend referenced in subparts (a) or (b) above on the front of any set of interrogatory answers containing such information.

f. If a producing party inadvertently or unintentionally produces to a receiving party any Protected Information without designating it as Protected pursuant to subparts (a) or (b) above, the producing party shall promptly give notice to the receiving party in writing and thereafter the receiving party shall treat the information accordingly. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

6. **Assessment of Previously Produced Information**. The Parties agree and acknowledge that Regeneron and third parties that produced information to the United States in the above-captioned case prior to Plaintiffs' partial intervention should have a reasonable opportunity to assess the confidentiality of that information consistent with the terms of this Order. Accordingly:

a. Upon entry of this Order, Plaintiffs shall promptly provide a copy of the Order to third

5

parties that produced information to the United States in the above-captioned case prior to Plaintiffs' partial intervention.

b. Previously Produced Third Party Information and Previously Produced Regeneron Investigation Information shall presumptively be treated by the Parties as Highly Confidential – Attorneys' Eyes Only. Regeneron and the original producing third parties will have 120 days from the date of this Order to redesignate Previously Produced Third Party Information and Previously Produced Regeneron Investigation Information consistent with this Order, and to reproduce such information with the appropriate designation in accordance with Paragraph 5 to Plaintiffs. All information not redesignated in this manner shall be treated as Confidential pursuant to the terms of this Order. Any subsequent challenge to the designation of information shall be made in accordance with the terms of Paragraph 7, *infra.*

c. Nothing in this Order precludes or limits third parties from seeking further or alternate relief from the Court.

7. **Right to Challenge Designation; Redesignation**. Nothing in this Order shall be construed in any way as a finding that Protected Information actually is Confidential or Highly Confidential – Attorneys' Eyes Only. Except for information presumptively designated Highly Confidential – Attorneys' Eyes Only during the 120 day period pursuant to Paragraph 6(b) above, at any time, if a party to this Order disagrees, in full or in part, with a designation of any information, such party may notify the producing party—or, in the case of Previously Produced Third Party Information, the original producing third party—in writing stating the basis for its disagreement, and the parties shall confer in good faith as to the appropriate designation of the information.

a. If such parties agree that the information's designation does not satisfy the terms of this Order, the information shall be redesignated in whole or in part and prompt notice shall

6

be provided to all parties to this Order.

b. If such parties are unable to reach agreement on the proper designation of the information, either party may move to re-classify the information pursuant to the terms of this Order.

8. **Access to Confidential Information**. Information designated Confidential may be disclosed only to the following persons:

   a. The Court;

   b. The Parties' outside counsel;

   c. Experts or consultants retained by the parties provided, however, that prior to the disclosure of Confidential information to any such expert or consultant, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   d. Discovery consultants, processors and vendors, outside document copying services, document coding or computerization services, demonstrative exhibit vendors, and jury consultants; provided, however, that prior to the disclosure of Confidential information to any such persons, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   e. Associated personnel of any person within categories (a) through (d) for whom access to Confidential information is necessary to assist such persons in the action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with

7

which consultants or experts are associated;

f. Regeneron in-house counsel;

g. Non-attorney employees at Regeneron responsible for making decisions regarding the course of the litigation, provided, however, that prior to the disclosure of Confidential information to any such employee, counsel for Regeneron shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h. Any person known to have created or received the Confidential information in question outside of discovery;

i. Individuals noticed by any party as a deponent, either during deposition and or in preparation for a noticed deposition, and said individual's counsel, if any; provided, however, that prior to the disclosure of Confidential information to any such persons, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

j. Law enforcement personnel, including United States Department of Justice Attorneys, Assistant United States Attorneys, plaintiff States' Attorney General Offices, their authorized subordinates, and contractors engaged in the purposes of assisting the same with this matter;

k. Any private mediators utilized in this matter; and

l. Such other persons as the parties mutually agree upon in writing and in advance of access by such persons; provided, however, that prior to the disclosure of Confidential information to any such persons, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and

shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

9. **Access to Highly Confidential Information**. The Parties may disclose information designated Highly Confidential only to the individuals permitted access to Confidential information, with the further limitation that no person employed by a Party or third party shall have access to Highly Confidential information (1) except as provided in Paragraphs 8(h), (i), and (j) above, and (2) except for any "Regeneron Litigation in-House Counsel." "Regeneron Litigation in-House Counsel" is defined as no more than four (4) Regeneron in-house counsel who have no current responsibility, and will not have responsibility for the duration of this matter, for commercial or business decision making for Regeneron. Prior to the disclosure of Highly Confidential information to Regeneron Litigation in-House Counsel, said in-House Counsel shall review a copy of this Order and shall execute Exhibit A. Any such Regeneron in-House Counsel who become responsible for commercial or business decision making for Regeneron while this matter is pending shall promptly return any Highly Confidential Information in their possession to Regeneron's outside counsel.

10. **Use of Protected Information**. Protected Information may be used solely for purposes of pretrial preparation and proceedings in this action, trial of this action, and any appellate proceedings in this action.

11. **Termination**. Within 60 days of the final non-appealable Order terminating this action, each party shall either destroy or return to the opposing party all documents designated as Protected Information by any party or third party, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents with the exception of any archived materials and attorney work product with embedded Protected Information. Attorneys may retain a set of pleadings and documents filed with the Court, written discovery or other pleadings served by either

party on the other party, all transcripts, all correspondence, all consultant or expert reports, all work product generated in connection with the action, and any materials subject to a pending FOIA request or a statutory, regulatory, or court-ordered retention obligation. Counsel will make reasonable efforts to identify and destroy emails and other correspondence that transmitted Protected Information but will not be required to restore and search archived material. All Protected Information retained for any reason will continue to be subject to this Order. Each party shall provide a certification as to such return or destruction within the 60-day period.

12.     **Limitations**. Nothing contained in this Order shall abrogate any legal obligation of any party to disclose upon appropriate request to any agency or department of any state or the United States, or any division of any such agency or department, Protected Information relating to any potential violation of law or regulation, or relating to any matter within that state or federal agency's jurisdiction, nor shall anything contained in this Order abrogate any legal right to use any such information by a state or federal agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that state or federal agency's jurisdiction. Nor shall anything contained in this Order abrogate any legal obligation of any party to disclose any document or information as required by law, or to Congress pursuant to a Congressional request. If another court or an administrative agency requests, subpoenas, or orders production of Protected Information from a party that has obtained those materials under the terms of this Order, the party shall promptly notify the producing party of such subpoena or other process so that the producing party has the opportunity to contest the request to protect its Protected Information through appropriate legal means. Such notification must include a copy of the request, subpoena, or court order.

13.     **Transcripts**. During any deposition in which Protected Information is discussed, counsel for any party or third party may: (a) designate, on the record, the portions of the transcript that will

10

contain Protected Information, in which case the portions of the deposition so designated on the record shall be treated as Protected Information; or (b) designate in writing to counsel for all parties, within fourteen (14) days of the transcript's delivery, the transcript portions which are to be treated as Protected Information. All deposition transcripts will be considered as Protected Information until the notice set forth above or until the expiration of fourteen (14) days from the transcript's delivery.

14.     **Filing Under Seal.** A party seeking to file another party's Protected Information shall provide the producing party, and, in the case of Previously Produced Third Party Information, the original producing third party, notice of the Protected Information it intends to use at least three (3) business days prior to filing. The producing party or original producing third party shall then have three (3) business days in which either to consent to the request to file said information in the public record or to file a motion pursuant to Local Rule 7.2 to keep such papers under seal. If the producing party or the original producing third party moves to keep papers under seal, the papers with the designated Protected Information under seal, or with any references to the Protected Information, shall be filed under seal or redacted, as appropriate, until the Court rules on the motion to seal.

15.     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

16.     **Inadvertent or Mistaken Productions Shall Not Waive Privilege or Protection.** If information subject to a claim of attorney-client privilege or work product protection or any other privilege or protection is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information as provided under applicable law, including Federal Rule of Evidence 502. If a producing party has inadvertently or mistakenly produced information subject

11

to a claim of protection or privilege, and if the producing party makes a written request for the return of such information, the information for which a claim of inadvertent production is made (including any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information), as well as all copies, shall be either destroyed or returned immediately to the producing party, even if the receiving party disputes the claim of privilege. If the receiving party disputes the producing party's assertion of privilege, the producing party must submit the potentially privileged information to the Court for review *in camera.*

17. **Term**. This Order survives termination of this litigation and remains in full force and effect unless modified by further order or by written stipulation of the parties filed by the Court.

18. **Miscellaneous**.

   a. Nothing in this Order shall prevent a party from any use of its own Protected Information.

   b. The parties may agree to waive any provision of this Order, provided such waiver is made in writing and agreed to by all parties to this litigation.

   c. Proper notice under this Order, when required, shall be effected by letter or email.

19. **Counterparts**. This Order may be signed in counterpart, and each such counterpart shall be deemed an original.

20. **Entire Agreement**. This Order constitutes the entire agreement of the parties and supersedes all prior communications, understandings, and agreements relating to the subject matter hereof, whether oral or written.

21. **Governing Law**. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Massachusetts. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not,

therefore, be construed against any Party for that reason in any subsequent dispute.

STIPULATED BY:

For Plaintiff United States:

/s/ Diane C. Seol

Diane C. Seol

For Plaintiff State of Colorado:

/s/ Hannah L. Perng

Hannah L Perng

For Plaintiff State of Georgia:

/s/ James Champlin IV

James Champlin IV

For Plaintiff State of Michigan:

/s/ Deshawn Madha

Deshawn Madha

For Plaintiff State of North Carolina:

Lareena J. Phillips

Lareena Phillips

For Plaintiff State of Texas:

/s/ Jessica L. Weltge

Jessica L. Weltge


For Plaintiff State of Washington:

/s/ Ferdinand J. Lugo Ortiz

Ferdinand J. Lugo Ortiz


For Plaintiff State of Maine:

/s/ John P. Burke

John P. Burke


For Plaintiff State of Nebraska:

Katherine O'Brien


For Plaintiff State of Ohio:

Susan Schultz

Sean Mackin

For Plaintiff State of Oregon:

/s/ John C. Rothermich

John C. Rothermich


For Plaintiff State of Wyoming:

Travis J. Kirchhefer


For Defendant Regeneron:

Gregory F. Noonan


APPROVED AND SO ORDERED this

25 day of June , 2025.

BY THE COURT:

Hon. Patti B. Saris
United States District Judge



15

# EXHIBIT A

## CERTIFICATION REGARDING PROTECTED INFORMATION

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive information designated as Protected Information in the Proceeding, No. 1:20-cv-11401-PBS. I certify that I understand that the Protected Information is provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Protected Information, including any notes or other records that may be made regarding any such information, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Protected Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Protected Information provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in the Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.


Dated: _____   By: _____