UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. JULIANNE NUNNELLY and MATTHEW SHANKS, <br><br> Plaintiffs, <br><br> v. <br><br> REGENERON PHARMACEUTICALS, INC., <br><br> Defendant. | CIVIL ACTION NO.: 20-cv-11401-PBS <br><br> **NON-PARTY GENENTECH'S REQUEST FOR BRIEFING SCHEDULE** |

## <u>NON-PARTY GENENTECH'S REQUEST FOR BRIEFING SCHEDULE</u>

Non-party Genentech, Inc. ("Genentech") respectfully requests that the Court establish a

briefing schedule for Regeneron Pharmaceuticals, Inc.'s ("Regeneron") motion to compel

compliance with a Rule 45 subpoena directed to Genentech, which was recently transferred to

this Court from the Northern District of California.  Genentech requests that the Court set a

schedule that permits the parties to meet and confer after this Court rules on the pending motions

to quash filed by EyePoint, Inc., Ocular Therapeutix, Inc., and Novartis Pharmaceuticals

Corporation, and then allows the parties to brief any issues that remain in dispute.

As the Court is aware, Regeneron has served nearly identical Rule 45 subpoenas on at

least seventeen pharmaceutical companies, including Genentech, seeking expansive discovery

into its competitors' confidential drug pricing practices.  Three of those companies—EyePoint,

Ocular Therapeutix, and Novartis—have filed motions to quash that raise the same core

relevance and burden arguments at issue in Regeneron's motion to compel against Genentech,

and the Court heard argument on those motions on June 15, 2026.  Throughout the parties' meet-

and-confer process, Genentech has maintained that the most efficient course is to await the

1

Court's resolution of the pending motions to quash before addressing any remaining disputes. That approach best serves judicial economy and fairness to a non-party, as the Court's ruling is likely to provide critical guidance on the very questions presented in Regeneron's motion against Genentech and may substantially narrow—or eliminate entirely—the need for further motion practice. In the meantime, Genentech has already reviewed and produced more than 1,100 documents from a collection obtained from roughly two dozen custodians.

Requiring Genentech to file a responsive brief and Regeneron to file a reply brief on the threshold issues of relevance now, before the Court rules on the identical issues in the pending motions, would waste the parties' resources and result in unhelpful briefing that reiterates arguments the Court will have already decided. Additionally, Regeneron's motion to compel was filed in connection with proceedings in the Northern District of California and does not comply with the meet-and-confer requirements of this District's Local Rule 37.1. Further meet-and-confer efforts are therefore warranted in any event before the motion may properly be considered by this Court.

Genentech therefore respectfully requests that the parties be directed to meet and confer within ten (10) business days of the Court's ruling on the pending motions to quash. If any issues cannot be resolved following the meet-and-confer process, the disputing party may file a discovery motion with the Court regarding the remaining issues pursuant to Local Rule 37.1. This schedule would conserve the resources of both the Court and the parties, avoid duplicative briefing on issues that may soon be resolved, and ensure that any motion practice is appropriately tailored in light of the Court's guidance. At the same time, it would not prejudice Regeneron, as the discovery cutoff in this action is not until November 19, 2026, and any remaining dispute would be promptly presented to the Court for decision.

Respectfully submitted,

Dated: August 7, 2026

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg (BBO# 556566)
HOLLAND & KNIGHT LLP
10 St. James Ave., Eleventh Floor
Boston, Massachusetts 02116
(617) 854-1476

Daniel B. Levin (pro hac vice forthcoming)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100

*Attorneys for Non-Party Genentech, Inc.*

## CERTIFICATE OF SERVICE

I, Jeremy M. Sternberg, hereby certify that this document was filed through the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.