**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. JULIANNE NUNNELLY and MATTHEW SHANKS,<br><br>Plaintiffs,<br><br>v.<br><br>REGENERON PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No. 20-cv-11401-PBS |

**MEMORANDUM AND ORDER**

November 2, 2026

Saris, J.

The government moves to compel Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron") to produce documents, interrogatory responses, and testimony that it has withheld based on the attorney-client privilege. The government contends that Regeneron's argument that it classified credit card fee reimbursements as bona fide service fees ("BFSF") in good faith is really an advice-of-counsel defense in disguise. According to the government, Regeneron's effort to defeat the government's claim of scienter by asserting the affirmative defense that its actions were taken in good faith amounts to an implied waiver of attorney-client privilege. After review of the parties' filings, the record,

and a hearing, the government's motion to compel (Dkt. 435) is **ALLOWED IN PART** and **DENIED IN PART**.

A traditional advice-of-counsel defense is a "paradigmatic example of" implied waiver of attorney-client privilege because it puts a party's "lawyer's advice squarely in issue." In re Keeper of the Recs. (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 24 (1st Cir. 2003). The key case in this circuit on implied waivers is United States v. SpineFrontier, Inc., 160 F.4th 212 (1st Cir. 2025). SpineFrontier states that "multiple factors" are relevant in determining whether an implied waiver has occurred, including "the nature and context of the disclosure" and "the potential prejudice to the government." Id. at 220-21. Given the importance of the attorney-client privilege, "courts should be cautious about finding implied waivers." Id. at 221 (quoting In re Keeper of the Recs., 348 F.3d at 23). "[T]he party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived." In re Keeper of the Recs., 348 F.3d at 22.

"[M]erely pleading a good faith defense does not by itself waive privilege." Bacchi v. Mass. Mut. Life Ins. Co., 110 F. Supp. 3d 270, 275 (D. Mass. 2015); see Banco do Brasil, S.A. v. 275 Wash. St. Corp., No. 09-cv-11343, 2011 WL 3208027, at *3 (D. Mass. July 27, 2011) ("The mere fact that the Bank believes that it acted in good faith under its lease agreement, and that its counsel was

involved in the process, does not constitute a waiver of the attorney-client privilege."); cf. SpineFrontier, 160 F.4th at 219 ("[N]ot every involvement-of-counsel defense necessarily works a waiver."). A good faith defense based on the "objective facts" of the procedures that a defendant took to comply with the law does not waive privilege because it does not rely on the substance of counsel's advice. Bacchi, 110 F. Supp. 3d at 277. This is true even when counsel is involved or referenced in the procedures. See United States ex rel. Long v. Janssen Biotech, Inc., No. 16-cv-12182, 2024 WL 862308, at *1-3 (D. Mass. Feb. 29, 2024) (finding that the defendant's production of information about a review committee that included non-legal and legal employees did not constitute an implied waiver of privilege).

One pillar of Regeneron's good faith defense is a 2011 draft report prepared by its original outside consultant, Compliance Implementation Services ("CIS"), which was later acquired by Deloitte. The report states that "Finance Fees" meet the criteria for BFSFs, and in a specific part of the BFSF analysis, lists "Credit Card Fees" as a subset of "Finance Fees." Dkt. 450-13 at 16, 23. Regeneron emphasizes that deposition testimony shows that its employees understood the 2011 CIS report to conclude that credit card fees qualified as BFSFs.

The government argues that allowing Regeneron to use the 2011 CIS report and a follow-up report in 2014 as a basis for its good

faith defense without waiving privilege would equate to a "launder[ing]" of Regeneron's lawyers' conclusions via the "mouthpiece" of an outside consultant. Dkt. 466-4 at 7. However, there is no record evidence that CIS or Deloitte consulted with Regeneron's lawyers for the 2011 or 2014 reports. The Court concludes that Regeneron has proven that it has not impliedly waived the attorney-client privilege by relying on the 2011 and 2014 reports to demonstrate good faith.

A tougher issue arises with respect to Regeneron's reliance on the following documents: (1) a 2016 document stating that "[b]ased on [Centers for Medicare & Medicaid Services]' 4-Part BFSF Test, . . . . Regeneron considers credit cards fees as BFSFs" and (2) a 2019 document stating largely the same thing. Dkt. 436-22 at 24, 28. Regeneron has conceded that the 2019 document was drafted by an in-house lawyer and has presented no evidence that the 2016 document was not written by an attorney as well. Regeneron initially stated that these documents were part of the basis for its good faith defense. Regeneron has since disclaimed relying on these documents as a basis for any good faith defense and stated at the hearing that the documents merely represent the company's position on whether credit card fees are BFSFs. It also committed to not presenting testimony at trial that counsel approved these documents in order to prove that it acted in good faith. The Court finds the privilege has not been waived as to these documents.

The government's strongest argument for implied waiver involves a 2017 bombshell comment made by Regeneron's outside counsel, Stephanie Trunk, that classifying credit card fees as BFSFs was "very questionable." Dkt. 436-22 at 76. The government contends persuasively that Regeneron cannot show it addressed Trunk's concern without at least implying that "counsel approved its conduct." Dkt. 466-4 at 10. The government seeks Trunk's and Regeneron's former in-house counsel's communications related to Trunk's comment.

Regeneron admits that it will endeavor to address Trunk's "very questionable" comment with testimony regarding a call between Trunk, Regeneron's in-house counsel, and Deloitte. While Regeneron insists that it relies only on Deloitte's analysis to prove good faith, not its lawyers, Deloitte testified it relied on Regeneron's lawyers as to the ultimate determination of whether credit card fees were BFSFs. Regeneron thus effectively admits it is relying in part on counsel's advice, so under a standard of fairness, a waiver has occurred. Regeneron has not met its burden of proving it has not impliedly waived attorney-client privilege with respect to the concerns raised by the Trunk comments. See Janssen Biotech, 2024 WL 862308, at *3 ("It is certainly arguable . . . that offering documents in evidence at trial that (1) the [committee] approved the program and (2) the [committee] included lawyers, would have the practical effect of suggesting to the jury

that lawyers had approved the programs. That, in turn, might constitute an implied waiver . . . .”). When a party is relying on counsel being present when a concern gets resolved, privilege is impliedly waived. See SpineFrontier, 160 F.4th at 224 (“[T]o the extent [the defendant] seeks to suggest that outside counsel were ‘watching’ or ‘in the room’ while the consulting program was ongoing, we agree that such a defense would be relevant only if a jury draws the inference that counsel must have approved of [the defendant]’s conduct in implementing the program.” (emphasis omitted)). To hold otherwise would prejudice the government by allowing Regeneron to present evidence that outside counsel’s concern was addressed while preventing the government from understanding how or why.

Accordingly, the government’s motion to compel (Dkt. 435) is **ALLOWED IN PART** and **DENIED IN PART**. Regeneron has impliedly waived attorney-client privilege with respect to documents and conversations related to, discussing, or referencing Trunk’s 2017 comment. Those documents shall be produced forthwith. With respect to other documents protected by the attorney-client privilege, Regeneron shall have those documents ready to disclose in the event Deloitte or a Regeneron witness testifies that in fact counsel’s advice was why Regeneron lacked scienter.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge