**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA, *et al.*, *ex rel.* JULIANNE NUNNELLY and MATTHEW SHANKS,

Plaintiffs,

v.

REGENERON PHARMACEUTICALS, INC.,

Defendant.

No. 20-cv-11401-PBS

**JOINT STATUS REPORT ON SCHEDULING AND MEDIATION**

Pursuant to the Court's Order of October 29, 2026 (ECF No. 499), Plaintiff United States of America and Defendant Regeneron Pharmaceuticals, Inc. (the "parties") submit the following Joint Status Report.

## I. The Government's Request to Extend the Time for Fact Depositions by One Month

### A. The United States' Position

Extending the deadline to conduct fact depositions by one month is warranted. Pursuant to the Court's prior Orders, written discovery now is complete, and the time to notice fact depositions expires today. However, the parties collectively have noticed more than twenty depositions that have yet to be taken, and the upcoming holidays are complicating efforts to schedule those depositions. The noticed depositions include, for instance, those directed to (i) four Rule 30(b)(6) witnesses (the United States, Regeneron, Besse Medical, and McKesson), three of which have not yet been scheduled; (ii) witnesses for whom scheduling was delayed pending resolution of motions to compel; (iii) third-party witnesses noticed by Regeneron in October 2026; and (iv) witnesses the United States identified as warranting depositions based on Regeneron's

November 13, 2026, production of documents resulting from the Court's Order on privilege waiver. *See* ECF No. 500. Accordingly, the United States respectfully requests that the Court extend by one month, until February 19, 2027, the deadline by which to conduct fact depositions.

### B. Regeneron's Position

Regeneron takes no position on the government's request for a one-month extension of the deadline for completion of fact depositions, as long as any granted extension applies equally to all depositions noticed by either party, and the remaining deadlines in the schedule (ECF 505; ECF 501-1) are adjusted by one month as well to afford sufficient time for expert discovery and dispositive motion briefing.

## II. The Parties' Positions on the Sequence of Expert Discovery and Dispositive Motions

### A. The United States' Position

The United States' position is that the Court should order expert discovery and summary judgment to run concurrently. Doing so would shorten the period between now and the conclusion of briefing on summary judgment. Currently, any summary judgment motions are not due until September 10, 2027. But, pursuant to the United States' proposal, the parties will start briefing summary judgment four months earlier, in May 2027. Moreover, the United States' proposal would result in dispositive and *Daubert* motions being ripe one month earlier than currently scheduled. And scheduling expert discovery concurrently with dispositive briefing would not prejudice Regeneron, which will have an opportunity to incorporate their own experts' opinions into their summary judgment briefing.

Accordingly, in addition to the proposed one-month extension of time to conduct fact depositions, the United States proposes that the Court add one additional month to the schedule to allow the parties to prepare expert reports and dispositive briefs, after which the parties would

conduct expert discovery and dispositive briefing at the same time. The details of the government's proposed schedule are set forth below:

| **Event** | **Current Deadline (EFC Nos. 501 & 505)** | **Proposed Deadline** |
|---|---|---|
| Written Party Fact Discovery and Noticing Depositions | November 19, 2026 | November 19, 2026 |
| Remaining Fact Discovery, including Non-Expert Witness Depositions | January 19, 2027 | February 19, 2027 |
| Expert Witness Disclosures<br><br>and<br><br>Dispositive Motions | March 22, 2027<br><br><br><br>September 10, 2027 | May 19, 2027 |
| Rebuttal to Expert Witness Disclosures<br><br>and<br><br>Opposition to Dispositive Motions | May 24, 2027<br><br><br><br>October 12, 2027 | June 21, 2027 |
| Replies to Rebuttal Expert Witness Disclosures[1]<br><br>and<br><br>Replies in Support of Dispositive Motions | July 9, 2027<br><br><br><br>November 12, 2027 | July 21, 2027 |
| Daubert Motions<br><br>and<br><br>Sur-replies in Support of Oppositions to Dispositive Motions | September 10, 2027<br><br><br><br>December 10, 2027 | August 20, 2027 |
| Opposition to Daubert Motions | October 12, 2027 | September 21, 2027 |
| Replies in Support of Daubert Motions | November 12, 2027 | October 21, 2027 |

[1] The prior approved scheduling order refers to this event as the "Expert Discovery" deadline. ECF No. 501 at 1.

| | | |
|---|---|---|
| Sur-replies in Support of Opposition to Daubert Motions | December 10, 2027 | November 22, 2027 |
| Final Pretrial Conference | 1 week before trial | 1 week before trial |

**B. Regeneron's Position**

Regeneron has considered the concept of filing motions for summary judgment before completing expert discovery and does not believe it is feasible in this case, including because at least some of the potentially dispositive issues in the case will benefit from expert discovery. Putting that fundamental issue aside, the government proposes an infeasible burden by having opening expert reports and summary judgment motions due on the same day. And, in all events, the government admits that its proposal would only "result in dispositive and *Daubert* motions being ripe one month earlier than currently scheduled." *Supra* at 2. This modest time saving does not justify the practical and fundamental problems that the government's proposal would create, including that it risks prompting additional briefing that could arise as the expert record continues to develop throughout the briefing process for summary judgment.

**III. The Parties' Positions on Mediation**

**A. The United States' Position**

The United States conferred with counsel for Regeneron regarding settlement on November 3, 2026. Regeneron is unwilling to commit to making any monetary settlement offer as part of mediation or "settlement" discussions, and the United States does not believe that mediation or further discussions would be productive under these circumstances.

**B. Regeneron's Position**

The government's position misrepresents its discussions with Regeneron. Contrary to the government's representations, Regeneron has made clear that it is ready and willing to engage in mediation. The government has conditioned its willingness to mediate on Regeneron first making

a monetary settlement offer prior to mediation. The government, meanwhile, has yet to make any demand on Regeneron. Regeneron remains ready and willing to engage in mediation with the government without any preconditions.

Dated: November 19, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

JAMIE A. YAVELBERG
NATALIE WAITES
DOUGLAS J. ROSENTHAL
KATHERINE J. DROOYAN
YIFAN WANG
PATRICK T. O'HARE
JOHN M. DECK
Attorneys, Civil Division
United States Department of Justice
175 N St. NE, Room 9.109
Washington, DC 20002
Phone: (202) 616-4311
katherine.drooyan@usdoj.gov
douglas.j.rosenthal@usdoj.gov
yifan.wang@usdoj.gov
patrick.o'hare@usdoj.gov
john.m.deck@usdoj.gov

LEAH B. FOLEY
United States Attorney

*/s/ Julian N. Canzoneri*
LINDSEY ROSS
JULIAN N. CANZONERI
Assistant United States Attorneys
1 Courthouse Way, Ste. 9200
Boston, MA 02210
Phone: (617) 748-3100
lindsey.ross@usdoj.gov
julian.canzoneri@usdoj.gov

REGENERON PHARMACEUTICALS, INC.

By its attorneys,

/s/ Benjamin Hazelwood
Enu Mainigi (admitted *pro hac vice*)
Jennifer G. Wicht (admitted *pro hac vice*)
Ellen E. Oberwetter (admitted *pro hac vice*)
Andrew V. Trask (admitted *pro hac vice*)
Benjamin Hazelwood (admitted *pro hac vice*)
Miranda R. Petersen (admitted *pro hac vice*)
Jeffrey Ho (BBO No. 714047)
Joseph Catalanotto (admitted *pro hac vice*)
Nicole Ratelle (admitted *pro hac vice*)
Sarah S. Gallant (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
(202) 434-5000
emainigi@wc.com
jwicht@wc.com
eoberwetter@wc.com
atrask@wc.com
bhazelwood@wc.com
mpetersen@wc.com
jho@wc.com
jcatalanotto@wc.com
nratelle@wc.com
sgallant@wc.com

Paul D. Clement (admitted *pro hac vice*)
Matthew D. Rowen (admitted *pro hac vice*)
Kevin Wynosky (admitted *pro hac vice*)
CLEMENT & MURPHY, PPLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
matthew.rowen@clementmurphy.com
kevin.wynosky@clementmurphy.com

Elizabeth C. Pignatelli (BBO # 677923)
Sara E. Silva (BBO #645293)
SILVA KETTLEWELL & PIGNATELLI LLP
10 High Street, Suite 505
Boston, MA 02110
(617) 351-9091
lizzie.pignatelli@skpboston.com
sara.silva@skpboston.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Court's CM/ECF system on November 19, 2026, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Julian N. Canzoneri*
Assistant U.S. Attorney